UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                          Case No. 8:16-cr-408-VMC-TGW

LUIS EDUARDO CARACAS VERGARA

_____/

**ORDER**

This matter comes before the Court upon consideration of pro se Defendant Luis Eduardo Caracas Vergara's Motion for Compassionate Release (Doc. # 171), filed on December 21, 2020. The United States responded on January 4, 2021. (Doc. # 173). For the reasons set forth below, the Motion is denied.

**I.  Background**

On February 24, 2017, the Court sentenced Vergara to seventy-eight months' imprisonment for conspiracy to possess with intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States. (Doc. # 139). Vergara is twenty-nine years old and his projected release date from the McRae Correctional Institution is May 8, 2022. (Doc. # 173 at 2).

In his Motion, Vergara seeks compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act,

1

because of the COVID-19 pandemic and his underlying health conditions of "asthma and pulmonary tuberculosis (latent tuberculosis infection)." (Doc. # 171 at 6). The United States has responded (Doc. # 173), and the Motion is ripe for review.

## II. Discussion

The United States argues that Vergara's Motion should be denied (1) because he has failed to exhaust his administrative remedies and (2) on the merits. (Doc. # 173 at 4-6). The Court agrees and concludes that Vergara's Motion must be denied because he has failed to exhaust his administrative remedies.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Vergara argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after **the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,** may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

"[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the [BOP] . . . and then either exhaust administrative remedies or wait the passage of thirty days from the defendant's *unanswered* request to the warden for relief." United States v. Alejo, No. CR-313-09-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020) (emphasis added).

Therefore, a prisoner may not automatically file a motion for compassionate release in the district court following the Warden's timely denial of such a request, nor may he do so thirty days after a timely denial. See United States v. Smith, No. 4:15-cr-19, 2020 WL 2063417, at *2 (N.D. Ohio Apr. 29, 2020) ("Smith has also failed to exhaust his administrative remedies with respect to his original motion.

3

Because the Warden explicitly denied his 2019 request for compassionate release, Smith needed to exhaust by appealing the Warden's decision."). Instead, when the Warden timely denies a prisoner's request, the language of Section 3582(c)(1)(A) requires that the request be appealed through the appropriate administrative channels of the BOP. Only if the Warden does not timely respond to the request may the prisoner file a motion with the district court after thirty days have elapsed since the request was made. See United States v. Early, No. CR-19-92, 2020 WL 272276, at *3 (W.D. Pa. May 21, 2020) ("Warden Williams responded to Defendant's request within 30 days of receipt. Consequently, Defendant is obligated to complete the administrative appeal process. Therefore, this Court finds that Defendant has failed to exhaust his administrative remedies.").

Here, Vergara submitted his request for compassionate release to the Warden of his facility on November 1, 2020. (Doc. # 171 at 5). That request was timely denied on November 30, 2020. (Id.). However, Vergara has provided no proof in his Motion – nor does he allege – that he appealed that denial. (Doc. # 171). Accordingly, Vergara's Motion is denied for failure to exhaust his administrative remedies. See

4

United States v. Bass, No. 8:17-cr-623-VMC-CPT, 2021 WL 129943, at *2 (M.D. Fla. Jan. 14, 2021) (denying a pro se defendant's motion for compassionate because he failed to provide proof that he appealed the warden's timely denial of his request).

Even if Vergara had exhausted his administrative remedies, the Court finds that his circumstances are not extraordinary and compelling so as to justify compassionate release. The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1). Vergara bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Although Vergara alleges that his underlying health conditions (asthma and a latent tuberculosis infection) make

5

him especially vulnerable to COVID-19, (Doc. # 171 at 6), he has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility. See USSG § 1B1.13, comment. (n.1); see also United States v. Kim, No. 9:06-cr-80197-UU-1, 2020 WL 6144629, at *2 (S.D. Fla. Sept. 16, 2020) ("Defendant's latent tuberculosis infection does not rise to the level of creating compelling circumstances. Compassionate release, even in light of COVID-19, is reserved for truly extraordinary and compelling cases."); United States v. Sayonkon, No. 16-265(2) ADM/HB, 2020 WL 5877611, at *2-3 (D. Minn. Oct. 2, 2020) (denying compassionate release for an inmate who allegedly suffered from asthma, obesity, and latent tuberculosis infection). Thus, Vergara has not shown an extraordinary and compelling reason that justifies compassionate release and his Motion is denied.

While Vergara's concerns about the COVID-19 pandemic are understandable, the Court notes that several measures have already been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in

6

home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Luis Eduardo Caracas Vergara's pro se Motion for Compassionate Release (Doc. # 171) is **DENIED** without prejudice for failure to exhaust his administrative remedies.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of February, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE